1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT FOR THE

8 EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| DEBRA RAMIREZ, ) | 1:07-cv-01377 OWW GSA |
| ) | |
| ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING DISMISSAL OF ACTION |
| ) | |
| Plaintiff, ) | (Document 21) |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| ) | |
| ) | |
| Defendant. ) | |
|_____) | |

17        On September 19, 2007, Plaintiff filed the present action in this Court. Plaintiff seeks review

18 of the Commissioner's denial of her application for benefits. On September 20, 2007, the Court

19 issued a Scheduling Order. The Scheduling Order states that within 120 days after service,

20 Defendant shall file and serve a copy of the administrative record which shall be deemed an answer

21 to the complaint. The Scheduling Order also provides that within 30 days after service of the

22 administrative record, Plaintiff shall serve on Defendant a letter brief outlining why remand is

23 warranted which Defendant shall respond to within 35 days. Thereafter, if Defendant does not

24 stipulate to remand, within 30 days of Defendant's response, Plaintiff must file and serve an opening

25 brief.

26        On March 26, 2008, Defendant lodged the administrative record. Pursuant to the Scheduling

27 Order, Plaintiff was required to file her opening brief in this Court on or before June 30, 2008.

28

1

1  Plaintiff failed to file an opening brief and the parties did not stipulate to an extension of time for

2  such filing.  Accordingly, on July 21, 2008, this Court issued an order for Plaintiff to show cause

3  why the action should not be dismissed for failure to file and serve her opening brief.  (Document

4  21.)  The Order to Show Cause directed Plaintiff to file a written response within twenty (20) days of

5  the date of the Order.  More than twenty (20) days have passed and Plaintiff has not filed a written

6  response to the Order to Show Cause or otherwise communicated with this Court.

7          Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules

8  or with any order of the Court may be grounds for the imposition by the Court of any and all

9  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

10  control their dockets and "[i]n the exercise of that power they may impose sanctions including,

11  where appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

12  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

13  failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46

14  F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963

15  F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

16  amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for

17  failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address);

18  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

19  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of

20  prosecution and failure to comply with local rules).

21          In determining whether to dismiss an action for lack of prosecution, failure to obey a court

22  order, or failure to comply with local rules, the court must consider several factors: (1) the public's

23  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

24  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

25  (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

26  1423; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

27          In the instant case, the Court finds that the public's interest in expeditiously resolving this

28                                                        2

litigation and the Court's interest in managing the docket weigh in favor of dismissal.  Plaintiff filed this action on September 19, 2007.  Despite the Court's Order to Show Cause, Plaintiff has failed to file an opening brief or communicate with the Court regarding such filing.  The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order to Show Cause expressly stated: "Failure to respond to this Order to Show Cause within the time specified will result in dismissal of this action." Thus, Plaintiff has had adequate warning that dismissal would result from her noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the Court's Scheduling Order entered on September 20, 2007, her failure to obey the Court's Order to Show Cause dated July 21, 2008, and her failure to prosecute this action in a timely manner.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **August 24, 2008**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

4